IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIRST MERCURY INSURANCE
COMPANY,

   Plaintiff,

     v.

EMILY SUDDERTH,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-3494-TWT

**OPINION AND ORDER**

This is a declaratory judgment action regarding an insurance coverage dispute. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 27] and the Defendant's Motion for Summary Judgment [Doc. 28]. For the reasons stated below, the Plaintiff's Motion for Summary Judgment is GRANTED and the Defendant's Motion for Summary Judgment is DENIED.

**I. Background**

On the evening of May 15, 2010, the Defendant Emily Sudderth and her friends went to Soho Grand, a bar in McDonough, Georgia, for drinks.[1] Ms. Sudderth and her

---

[1] Pl.'s Statement of Facts ¶ 2.

friends remained at the bar for about two hours.[2] Around 12:30 or 12:40 A.M., on May 16, Ms. Sudderth went to pay her tab at the bar.[3] While there, Ms. Sudderth heard a commotion behind her and turned around to see a man with a chair.[4] The man threw the chair, hitting Ms. Sudderth in the foot.[5] This caused Ms. Sudderth excruciating pain.[6]

Ms. Sudderth's friends were standing nearby during this incident.[7] Two friends, Cara Campbell and Erika Johnson, testified that they saw a security officer pulling a man out of the bar.[8] Ms. Campbell explained that the security officer had his arms around the man.[9] Ms. Johnson further testified that she saw the security officer kick, throw, push, or knock the chair that hit Ms. Sudderth.[10]

---

[2] Def.'s Resp. to Pl.'s Statement of Facts ¶ 3.

[3] Pl.'s Statement of Facts ¶ 4.

[4] Id. ¶¶ 5-6.

[5] Id. ¶ 7.

[6] Id. ¶ 8.

[7] Id. ¶ 9.

[8] Def.'s Resp. to Pl.'s Statement of Facts ¶ 10.

[9] Pl.'s Statement of Facts ¶ 10.

[10] Id. ¶ 12.

On April 13, 2012, Ms. Sudderth filed a lawsuit in the State Court of Henry County, Georgia (the "Underlying Lawsuit"), seeking to recover for personal injuries sustained as a result of this incident.[11] The Underlying Lawsuit seeks to hold Soho Grand and several others jointly and severally liable for Ms. Sudderth's injuries.[12] The Plaintiff First Mercury Insurance Company ("FMIC") issued a commercial liability policy to Soho Grand, which was in effect at all relevant times.[13] FMIC defended Soho Grand and its employees in the Underlying Lawsuit pursuant to a reservation of rights under the policy.[14] The policy limits coverage to $100,000 for claims in any way connected to an assault or battery, as defined by the policy.[15] The parties have reached a confidential settlement in the Underlying Lawsuit – the only remaining issue is whether the insurance policy's assault and battery endorsement applies.[16] Both parties now move for summary judgment on that issue. The Plaintiff contends that the endorsement applies; the Defendant contends that it does not.

---

[11]  Id. ¶ 23.

[12]  Id. ¶ 25.

[13]  Id. ¶ 1.

[14]  Id. ¶ 26.

[15]  Id. ¶¶ 29-30.

[16]  Id. ¶ 28.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[17] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[18] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[19] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[20] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[21]

## III. Discussion

FMIC moves for summary judgment, claiming that this incident falls under the assault and battery endorsement, thereby limiting its liability under the policy to

---

[17]   FED. R. CIV. P. 56(a).

[18]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[19]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[20]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[21]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

$100,000. Ms. Sudderth also moves for summary judgment, claiming that the endorsement does not apply. The party seeking a coverage exclusion bears the burden of proving that the facts warrant application of that exclusion.[22] Exclusions will be construed narrowly and in favor of coverage.[23]

The policy here contains an "Assault and Battery Endorsement," which provides a coverage limitation of $100,000 for any claims or suits for bodily injury or property damage "based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged 'assault' and/or 'battery.'"[24] The policy defines assault as "the apprehension of harmful or offensive contact by a person or thing, or the apprehension of harmful or offensive contact between or among two or more persons, by threats through words or deeds."[25] It further defines battery as "a harmful or offensive contact by a person or thing, or a harmful or offensive contact between or among two or more persons."[26]

---

[22] Hathaway Dev. Co. v. American Empire Surplus Lines Ins. Co., 301 Ga. App. 65, 70 (2009).

[23] Id.

[24] Pl.'s Mot. for Summ. J., Ex. 1.

[25] Id.

[26] Id.

Here, Ms. Sudderth testified at her deposition that she was injured when a chair was thrown at her. Although Ms. Sudderth attempts to piece together a different story from other depositions, her own testimony controls.[27] Ms. Johnson's testimony also indicates that the chair was kicked, thrown, pushed, or knocked into Ms. Sudderth. Under either Ms. Sudderth's or Ms. Johnson's version of events, contact with the chair was "a harmful or offensive contact by a person or thing." The contact with the chair therefore qualifies as a battery under the policy definition. Additionally, it is undisputed that Ms. Sudderth was injured while a security guard forcibly removed a man from the bar. That exchange would also constitute a battery under the policy. Under the plain language of the policy, therefore, the $100,000 limit applies.

Ms. Sudderth argues that the assault and battery endorsement renders coverage under the policy illusory and that the Court should therefore disregard it or apply a different definition of battery. Ms. Sudderth is correct that under Georgia law, an insurance policy endorsement may not completely nullify the coverage provided in

---

[27] The Eleventh Circuit has held that although the facts on a motion for summary judgment must be construed in the light most favorable to the nonmovant, courts must not adopt a version of the facts that discredits the nonmovant's testimony. Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005). Here, therefore, Ms. Sudderth's version of events as presented in her sworn deposition testimony is the version of events that is accepted by this Court.

the main policy.[28] This argument that coverage is illusory here fails for two reasons. First, the endorsement is not a true exclusion from coverage, but rather simply imposes a lower policy limit. Second, because the endorsement would not apply to all scenarios, for example in the case of a slip-and-fall, it would not render coverage illusory even if it were a true exclusion. Additionally, even if this Court were to apply a more narrow definition of battery, the Plaintiff admits that she was injured when a man threw a chair at her.[29] The facts here would trigger the endorsement under any definition of battery. The assault and battery endorsement therefore applies here, limiting FMIC's liability to $100,000. The Plaintiff's motion for summary judgment should be granted. The Defendant's motion should be denied.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Summary Judgment [Doc. 27] is GRANTED. The Defendant's Motion for Summary Judgment [Doc. 28] is DENIED.

---

[28] Cynergy, LLC v. First Am. Title Ins. Co., 706 F.3d 1321, 1327 (11th Cir. 2013).

[29] Sudderth Dep. at 34.

SO ORDERED, this 12 day of December, 2014.


                                                  /s/Thomas W. Thrash
                                                THOMAS W. THRASH, JR.
                                                United States District Judge